RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0097P (6th Cir.)
File Name: 03a0097p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*               Nos. 01-1646/1891

RICHARD FINKLEY (01-1646)
and WILLIAM HALLIBURTON
(01-1891),
    *Defendants-Appellants.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-80534—George C. Steeh, District Judge.

Submitted: March 13, 2003

Decided and Filed: April 1, 2003

Before: COLE, GILMAN, and BRIGHT, Circuit Judges.[*]

———————————————

### COUNSEL

**ON BRIEF:** John L. Belanger, Sterling Heights, Michigan,
William W. Swor, Detroit, Michigan, for Appellants. David

———————————————

[*] The Honorable Myron H. Bright, Senior Circuit Judge of the United
States Court of Appeals for the Eighth Circuit, sitting by designation.

---

J. Debold, ASSISTANT UNITED STATES ATTORNEY,
Detroit, Michigan, for Appellee.

———————————————

### OPINION

———————————————

RONALD LEE GILMAN, Circuit Judge. Richard Finkley
and William Halliburton were convicted of conspiracy to
defraud the United States. Halliburton was also convicted on
numerous substantive counts for making fraudulent claims
against the government. On appeal, Halliburton challenges
the sentencing enhancement that he received for being a
manager of the conspiracy. In addition, Finkley and
Halliburton both challenge the amount of restitution that they
were ordered to pay. For the reasons set forth below, we
**AFFIRM** the judgment of the district court as to
Halliburton's sentence, but **REMAND** the restitution portion
of the judgments against Finkley and Halliburton for
reconsideration.

### I. BACKGROUND

#### A. Factual background

Finkley and Halliburton were convicted of participating in
a scheme to defraud the United States. The scheme was
designed to obtain tax refunds and unemployment checks
from the Internal Revenue Service, the State of Michigan
Treasury Department, and the City of Detroit Treasury
Department. The conspirators allegedly filed more than 75
tax returns that were either false or substantially inflated. By
creating shell companies, obtaining Employer Identification
Numbers (EINs), and creating fake W-2 forms, the
conspirators made false claims in excess of $500,000.

Halliburton joined the scheme, begun by coconspirator
Julian Turner, in early 1995. (Turner is not a party to this
appeal.) Halliburton created a company that was utilized to
cash a number of the checks that he fraudulently obtained. He

also prepared false tax returns using the names of friends, associates, and family members, and recruited his nephew Jason Halliburton to help obtain a fraudulent refund check. Eventually, Halliburton began operating on his own, independently of Turner.

Finkley was recruited by Halliburton to become part of the scheme because the conspirators needed access to additional names and social security numbers in order to file more false returns. As an agent and supervisor at a collection agency, Finkley's job gave him access to names, social security numbers, and EINs of various debtors.

## B.   Procedural background

Finkley and Halliburton were indicted on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, and on multiple substantive counts of making fraudulent claims against the government, in violation of 18 U.S.C. § 287. They waived their right to a jury trial. After a week-long bench trial conducted in December of 2000, the district court found both defendants guilty of the conspiracy charge and Halliburton guilty of the substantive offenses. Finkley and Halliburton do not challenge their convictions on appeal. Instead, they both challenge the amount of restitution charged against them, and Halliburton challenges the sentencing enhancement that he received because the district court determined that he was a manager of the conspiracy within the meaning of § 3B1.1(c) of the United States Sentencing Guidelines.

## II.  ANALYSIS

## A.  Standard of review

The United States has the burden of proving the applicability of the enhancement under § 3B1.1 of the Sentencing Guidelines by a preponderance of the evidence. *United States v. Martinez*, 181 F.3d 794, 797 (6th Cir. 1999) (internal citations omitted). A district court's factual findings on this issue will not be disturbed unless clearly erroneous.

*Id.* The application of the Sentencing Guidelines based on these facts, however, is a question of law that we review de novo. *United States v. Perkins*, 89 F.3d 303, 307 (6th Cir. 1996).

## B.   The district court did not err in enhancing Halliburton's sentence pursuant to § 3B1.1(c) of the Sentencing Guidelines

Halliburton argues that he was improperly given a sentencing enhancement of two levels as "an organizer, leader, manager, or supervisor" of the conspiracy pursuant to § 3B1.1(c) of the Sentencing Guidelines. He insists that the record does not support the finding that he supervised or managed any part of the conspiracy, and that "[m]erely playing an essential role in the offense is not equivalent to exercising managerial control over other participants . . . ." *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000).

In order to be subjected to an enhancement under this section, a conspirator must be found to have been "the organizer, leader, manager, or supervisor of one or more other participants." U.S. SENTENCING GUIDELINES MANUAL § 3B1.1, cmt. n. 2. The commentary further provides that factors to be considered in determining whether a conspirator was a manager or supervisor include

> the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S. SENTENCING GUIDELINES MANUAL § 3B1.1, cmt. n. 4.

In applying these factors to the case at hand, the district court found that the role played by Halliburton in supervising his nephew Jason was in and of itself sufficient to add the

enhancement to Halliburton's sentence. Testimony before the district court indicated that Halliburton and Turner had recruited Jason into the scheme with an offer of monetary rewards. Halliburton then instructed Jason to cash a refund check that would be mailed to him and claim that it was legitimately obtained. In addition, the record is replete with other evidence regarding Halliburton's involvement in carrying out the scheme and in his recruitment of other individuals, including Finkley.

Although Halliburton tries to paint his role in a passive manner, the district court did not clearly err in finding that Halliburton had a supervisory or managerial role in the conspiracy. We therefore sustain the sentencing enhancement pursuant to § 3B1.1(c) of the Sentencing Guidelines.

### C. The restitution portion of each defendant's judgment must be remanded for recalculation

Finkley and Halliburton argue that the district court improperly calculated the restitution portion of their judgments. They point out that Sentencing Guidelines § 5E1.1(a)(1) directs the district court to "enter a restitution order for the full amount of the victim's loss, if such order is authorized under 18 U.S.C. § 1593, § 2248, § 2259, § 2264, §2327, § 3663, or § 3663A[.]" Defendants are obligated to make restitution only to the extent that an actual loss was sustained as a result of the offense. 18 U.S.C. § 3663(B)(i)(I).

Finkley and Halliburton first argue that the amount of restitution ordered exceeds the cumulative loss sustained by the governmental entities. Second, they contend that, to the extent that the district court ordered restitution pursuant to 18 U.S.C. § 3663A, then a violation of the Ex Post Facto Clause occurred because § 3663A was enacted after all of the acts charged in the indictment took place. Finkley also argues that he should be held responsible only for the amount of loss actually attributable to him after he became involved in the conspiracy.

The government does not respond directly to the defendants' ex post facto argument, but does contend that restitution was ordered only under 18 U.S.C. § 3663(B)(i)(I) (governing restitution for "the amount of the loss sustained by each victim as a result of the offense."). In any event, the government agrees that a remand is necessary on this issue. It concedes that by ordering the defendants to make restitution in the amount of the "intended" loss as determined by the court under § 2F1.1(b) of the Sentencing Guidelines (a section that was deleted as of November 1, 2001), the defendants were impermissibly ordered to pay more than the actual losses sustained by the governmental entities. We therefore remand the restitution portion of Finkley's and Halliburton's judgment so that the amount of restitution may be recalculated by the district court according to the amount of the actual loss sustained.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court as to Halliburton's sentence, but **REMAND** the restitution portion of the judgments against Finkley and Halliburton for reconsideration.