NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0462n.06

**No. 08-5539**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 01, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br><br>v.<br><br><br>LARRY W. RIDDELL,<br>Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

---

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Larry Riddell appeals his sentence following his guilty plea and conviction for conspiracy to possess stolen goods. The district court sentenced him to fifty-seven months of imprisonment and ordered him to pay $545,111 in restitution. Riddell contends that the district court's sentence and order of restitution should be vacated because its calculation of loss was in error. We affirm Riddell's sentence of imprisonment, vacate the order of restitution, and remand for further proceedings consistent with this opinion.

The district court properly included the fair market value of the diabetic test strips in its calculation of loss in computing a total offense level under U.S.S.G. § 2B1.1. Section 2B1.1 is used to determine the amount of loss in fraud cases. This section enhances a defendant's sentence to correlate to the amount of loss caused by the fraud, either actual loss or intended loss. *See United*

No. 08-5539

*States v. McBride*, 362 F.3d 360, 373 (6th Cir. 2004) ("Determination of the offense level under §

2B1.1 depends on the amount of loss caused or intended by the defendant.").

Riddell intended to deny the victim the profit on the diabetic test strips.  He negotiated the

delivery of the diabetic test strips to his store.  He asked that the diabetic test strips be delivered from

Indiana to his store in Kentucky, believing that they had been stolen.  Further, he directed the driver

of the truck containing the strips to leave the truck on Riddell's property and the driver gave the

truck keys to the clerk in the store.  Because it was Riddell's intent to possess these test strips, the

district court did not err in including the fair market value of the diabetic test strips in its calculation

of loss under the sentencing guidelines.

Although a district court may look to intended loss in calculating total loss under the

sentencing guidelines, it must base its order of restitution on actual losses.  *See United States v.*

*Simpson*, 538 F.3d 459, 465-66 (6th Cir. 2008) ("It is true that the MVRA [Mandatory Victims

Restitution Act] refers only to 'actual' loss, and unlike § 2B1.1 of the Guidelines does not include

'intended loss.'"); *see also United States v. Finkley*, 324 F.3d 401, 404 (6th Cir. 2003) (remanding

where the government conceded that the district court erred by awarding restitution in the amount

of intended loss instead of actual loss).

Riddell apparently did not object at sentencing to the separate calculation of the restitution.

Therefore, we consider it under plain error review.  *United States v. Bailey*, 488 F.3d 363, 367-68

(6th Cir. 2007).

We find that the district court plainly erred in including the amount of intended loss in its

order of restitution.  It concluded that the total loss for both the sentencing guidelines calculation and

restitution was the same– $545,111.  Although the loss intended by the conspiracy may be included in a total loss calculation under the sentencing guidelines, it cannot be used in calculating restitution. Because the district court included what it considered to be intended loss in the restitution calculation as well as the sentencing guidelines calculation, the restitution order is vacated.  On remand, the district court should base its order of restitution on the actual loss suffered by the victims as a result of Riddell's criminal conduct.

AFFIRMED in part, VACATED in part, and REMANDED.