**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1126n.06

Nos. 10-3773, 11-3523

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 01, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| ROBERT L. SCHWARTZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: CLAY and WHITE, Circuit Judges; and HOOD, District Judge.**[*]

HOOD, District Judge. Defendant-Appellant Robert Schwartz appeals from the district court's forfeiture money judgment and from the district court's order enforcing a writ of garnishment to satisfy the restitution ordered in the judgment. Schwartz argues that the district court erred when it ordered enforcement of a writ of garnishment over his objections because it allowed the government to collect on restitution that was not, in his eyes, yet due and owing. Because the language in the judgment allowed for a sum certain of restitution to be due immediately, there is no merit to his argument. Schwartz also argues that the district court erred when it entered a final order of forfeiture without entering a preliminary order of forfeiture as required by Fed. R. Crim. P. 32.2. Any error was, however, harmless because the final single-stage forfeiture proceeding provided all the process due to Schwartz with respect to forfeiture by Fed. R. Crim. P. 32.2.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Accordingly, we **AFFIRM** the decision of the district court with respect to the enforcement of the writ of garnishment and the forfeiture judgment.

## I.

Schwartz was charged in May 2009 in an Information with one count of mail fraud and one count of filing a false federal income tax return. (R. 1, Information.) In the Information, the government also gave Schwartz notice of its intent to seek a forfeiture money judgment of $2,492,469, the amount of Schwartz's fraudulent proceeds, as well as its intent to forfeit a list of real properties that constitute or that were derived from proceeds traceable to Schwartz's mail fraud, up to a value of $2,492,469. (Id.)

In June 2009, Schwartz pleaded guilty, pursuant to a plea agreement, to both the mail fraud and tax felony violations as charged in the Information. (R. 2, Plea Agreement; R. 19, Change of Plea Tr.) In the plea agreement, Schwartz agreed that the fraud loss was $2,492,469 and that the mandatory restitution to the Hadassah Hospital would be in that amount. (R. 19, Change of Plea Tr., pp. 24-26.) The plea was silent as to forfeiture.

At his sentencing hearing, Schwartz admitted that the statement of facts in support of his guilty plea was true and accurate. Schwartz was an attorney in Cincinnati who, in 2003, was given power of attorney to handle the financial affairs of his wealthy and elderly friend and client, Beverly Hersh. (Id., pp. 32, 37.) Schwartz prepared several codicils to her will and also drafted three trust agreements. Upon Ms. Hersh's death, her estate was to be distributed as follows: 20 percent to Hadassah Hospital; 30 percent to the Hersh Charitable Trust; and 50 percent to the Hersh Revocable Trust. (Id.) Ms. Hersh died in 2005 and Schwartz was named executor of her estate. (Id., p. 33.) In 2006, Schwartz filed estate-tax returns indicating that Hadassah Hospital was to receive $2,502,469,

that the Hersh Charitable Trust was to receive $3,756,703, and the Hersh Revocable Trust was to receive $6,261,172 from Ms. Hersh's estate. (Id.)  However, Schwartz never advised the Hadassah Hospital of the extent of Ms. Hersh's gift and only made three distributions to Hadassah totaling $210,000. (Id., pp. 34-35.)  Schwartz fraudulently distributed over $9 million through the Hersh Revocable Trust, most of which went to Schwartz, which he used for personal expenditures and asset purchases for family members, employees, friends and close associates. (Id., p. 34.)

While no preliminary order of forfeiture was ever requested or entered, on June 7, 2010, the day before Schwartz's sentencing, the government filed a motion for a forfeiture money judgment in the amount of $2,492,469 pursuant to Rule 32.2(b)(1)(A) and (c)(1) and disavowed any intention to seek forfeiture of the five (5) parcels of real property referenced in the Information. (R. 41, Motion for Money Judgment.)  On June 8, 2010, the district court sentenced Schwartz to 48 months in prison, followed by three years of supervised release. (R. 43, Judgment.)  The district court ordered that Schwartz pay a $10,000 fine and $3,227,686 in restitution, as follows: $2,292,469 to Hadassah, due immediately, and $935,217 to the Internal Revenue Service, due upon Schwartz's release to supervision. (Id., pp. 5-6; R. 51, Sentencing Tr., pp. 49-50.)  The district court ordered that, if Schwartz was working in a non-UNICOR or grade 5 UNICOR job while incarcerated, he would have to pay $25 per quarter toward restitution, and that, if Schwartz was working in a grade 1-4 UNICOR job while incarcerated, he would have to pay 50 percent of his monthly pay toward restitution. (R. 43, Judgment, p. 6, R. 51, Sentencing Tr., p 50.) The district court also ordered that, "[u]nless the court has expressly ordered otherwise . . . [,]  payment of criminal monetary penalties is due during imprisonment." (R. 43, Judgment, p. 6, R. 51, Sentencing Tr., p 49.)

With respect to the motion for forfeiture, Schwartz's counsel initially stated that Schwartz had agreed to the forfeiture and deferred to the government on how it wanted to proceed on the forfeiture at the sentencing. (Id.) However, Schwartz's counsel then objected to the government's motion for a forfeiture money judgment based on Schwartz's concern that it might adversely affect the ability of Hadassah to receive full restitution. (Id., pp. 58-59.) Schwartz's counsel also objected on the grounds that the government's motion for a forfeiture money judgment was not made part of the plea agreement and that there had not been a preliminary order of forfeiture, as required by Rule 32.2, Federal Rules of Criminal Procedure. (Id., pp. 59-60.) The government responded that a preliminary order of forfeiture under Rule 32.2 was not required where the government was only seeking a forfeiture money judgment. (Id., p. 60.) The district court then ordered a $2,492,469 forfeiture money judgment against Schwartz. (Id., p. 61.) Schwartz filed a timely Notice of Appeal on June 22, 2010. (R. 45, Notice of Appeal.)

In October 2010, the government filed an application for a writ of garnishment directed to Foundation Bank, pursuant to 28 U.S.C. § 3205(a), on the grounds that Schwartz had an unpaid judgment debt of restitution ordered by the district court and that Foundation Bank was in possession and control of funds owned by Schwartz that the government sought to apply toward satisfaction of that judgment debt of restitution. (R. 59, Application for Writ of Garnishment.) The district court granted the writ. (R. 60, Order for Writ of Garnishment; R. 61, Writ of Garnishment.) Following Schwartz's objection, full briefing, and a hearing on the issue, the magistrate judge reported and recommended to the district court that the Writ of Garnishment be enforced on January 14, 2011. (R. 88, Garnishment Hearing Tr.) The district court entered an order on April 21, 2011, adopting the magistrate judge's Report and Recommendation, overruling Schwartz's objection to the

4

recommendation, and ordering that the Writ be enforced. (R. 82, Order). This timely appeal followed.

**II.**

Schwartz argues that the writ of garnishment was improperly enforced because, based on 18 U.S.C. § 3612(c), the government may only collect unpaid restitution. He reasons that the full amount is not yet due because he is making periodic payments toward his restitution as set forth in the judgment and, thus, the government has no basis to garnish Schwartz's IRA accounts held by Foundation Bank. However, Schwartz ignores that the judgment provides that "[Schwartz] shall pay… restitution of $2,292,469, which shall be due immediately." [R. 43, Judgment, p. 6]. While the judgment provides for periodic payments to be applied to his monetary obligation each quarter while Schwartz is employed during his incarceration, the existence of the payment schedule does not change the fact that $2,292,469 in restitution to Hadassah was immediately due upon entry of judgment.

The district court may order that the defendant pay the entire amount of restitution in one lump sum or in partial payments set forth in a payment schedule. 18 U.S.C. § 3612(c). Here, the majority of the restitution ordered, $2,292,469, was due immediately upon sentencing, with a smaller amount due to the IRS at a later date. Because Schwartz did not pay that portion of the restitution due to Hadassah at the time the judgment was imposed, that amount became an unpaid debt that the government could seek to collect immediately by all available and reasonable means. 18 U.S.C. §§ 3612, 3613; 18 U.S.C. § 3664(m)(1)(A)(ii); 28 U.S.C. § 3205(a); *United States v. Miller*, 588 F. Supp. 2d 789, 795–96 (W.D. Mich. 2008).

Accordingly, we **AFFIRM** the district court's order enforcing the writ of garnishment.

**III.**

Schwartz complains that he was surprised when he received the United States' motion for entry of a final order because there had never been a request for or entry of a preliminary order of forfeiture in the matter and because the plea agreement addressed restitution but not forfeiture. Because forfeiture had not been addressed by these means earlier, he believed that the United States had abandoned forfeiture. He argues that he was harmed by the omission of the preliminary order of forfeiture because he was unable to "research the applicable law and respond" and did not have an opportunity to "negotiate a lesser amount as part of the Plea Agreement" since he did not realize that forfeiture would still be an issue at the conclusion of the matter. Schwartz fails, however, to articulate any specific objections or arguments based on the law that he would have presented against the award or amount of forfeiture if he had been given an earlier opportunity to do so.

**A.**

As a threshold matter, Schwartz suggests that the district court erred in entering the forfeiture money judgment because it was not provided for in the plea agreement. His argument rests, however, solely on case law in which this Court found that a district court erred when it failed to enter a judgment of forfeiture in keeping with an element of the parties' plea agreement, which the court had accepted. *See United States v. Skidmore*, 998 F.2d 372, 376 (6th Cir. 1993) (holding that specific performance of the plea agreement was appropriate remedy where the district court had breached it by excising a key provision of the agreement concerning forfeiture). Schwartz's plea agreement included no promise by the government to exclude or dismiss the forfeiture count, nor was there any agreement as to what sentence the Court might impose. Forfeiture is an element of

the sentence. As a result, Schwartz can hardly complain on these grounds, and his reliance on *Skidmore* is inapposite at best.

**B.**

Next, Schwartz argues that the forfeiture provision contained in the judgment should be vacated because a preliminary order of forfeiture was never entered by the district court as required by Fed. R. Crim. P. 32.2. Rule 32.2 provides that "[i]f the court finds that property is subject to forfeiture, it *must* promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added). With respect to timing, the district court must enter the preliminary order, unless impractical to do so, "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final," which occurs at sentencing. Fed. R. Crim. P. 32.2(b)(2)(B), 32.2(b)(4)(A). Thus, the district court erred by failing to enter a preliminary forfeiture order. Having considered the magnitude of that error in the context of this case, we conclude that it was harmless.

While the failure to enter a preliminary order before sentencing and judgment, i.e., in a timely fashion per Rule 32.2, does not deprive the district court of authority to enter a final order of forfeiture, *see United States v. Martin*, 662 F.3d 301, 308 (4th Cir. 2011), *cert. denied* __ S. Ct. __, 2012 WL 950228 (April 16, 2012) (quoting *Dolan v. United States*, ___ U.S. ___, 130 S. Ct. 2533 (2010)), "'[p]rocedural due process requires that an individual receive adequate notice and procedures to contest the deprivation of property rights' that result from criminal forfeiture under 21 U.S.C. § 853." *United States v. Shakur*, 691 F.3d 979, 988 (8th Cir. 2012) (quoting *United States*

7

*v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011), *cert. denied*, ⸺ U.S. ⸺, 132 S. Ct. 1586 (2012)).

Thus, with respect to timing, the district court should enter a preliminary order, unless impractical to do so, "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final," which occurs at sentencing. Fed. R. Crim. P. 32.2(b)(2)(B), 32.2(b)(4)(A). However, a "preliminary" order of forfeiture is final as to a criminal defendant's rights in the items or amounts to be forfeited. *See* Fed. R. Crim. P. 32.2(c)(2) ("When [any] ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute."); *see United States v. Gross*, 213 F.3d 599, 600 (11th Cir. 2000) (holding that the preliminary order of forfeiture was final and appealable because the preliminary order finally determined the defendant's rights in the forfeited property). It is that preliminary order which invites third parties to make claims of interest with respect to the item or items to be forfeited in proceedings consistent with Fed. R. Crim. P. 32.2(c). Thus, it matters not whether the motion for and the order entered by the district court in this case were styled "preliminary" or "final" because the effect was the same for Schwartz. His interest in the property could be adjudicated with all due process by virtue of the single proceeding which was concluded with a final order of forfeiture, assuming he did receive notice and an opportunity to be heard during that proceeding.

Schwartz offers nothing to establish that he was denied adequate procedural due process—notice and the opportunity to be heard—in this situation, even though he argues that he was surprised when he received the United States' motion for entry of a final order because he thought

that the United States had decided not to pursue the claim of forfeiture against him in the absence of a preliminary order of forfeiture. That surprise, however, does not rise to the level of a constitutional wrong. Nor has Schwartz provided this Court with any specific, colorable objections that he would have made to a preliminary order of forfeiture had it been sought or entered or with respect to the final order of forfeiture if more time had been available to him, nor has he denied that the forfeiture amount ordered was equal to the amount of loss caused by his fraud. Moreover, in its own review, this Court has not unearthed any prejudice to Schwartz caused by the prosecution and the district court's failure.

On the whole, Schwartz received all of the process required in this instance. Schwartz had notice of the government's intent to seek forfeiture by virtue of the forfeiture provision in the Information lodged against him. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). Schwartz does not deny that he was on notice of what amount would be subject to forfeiture, that he received the motion for entry of a final order of forfeiture in advance of the hearing on the matter, or that the district court provided him with an opportunity to make objections to the fact and amount of forfeiture at the sentencing hearing. As required by Rule 32.2, the district court determined the amount of money that Schwartz was required to pay by referencing items in evidence, such as the written plea agreement. Fed. R. Crim. P. 32.2(b)(1)(A), (b)(1)(B). He does not deny that the United States offered and the district court relied upon adequate factual support for a forfeiture judgment in the amount of $2,492,469, the amount of the forfeiture awarded, or that he already agreed in the plea agreement that said amount was the amount of *actual* loss caused by his fraud in determining restitution. *See United States v. Riddell*, 329 F. App'x 328, 329 (6th Cir. 2009) (citing *United States v. Simpson*, 538 F.3d 459, 465–66 (6th Cir. 2008), and *United States v. Finkley*, 324 F.3d 401, 404

9

(6th Cir. 2003)) (recognizing that a district court "must base its order of restitution on actual losses."); (R. 2, Plea Agreement, ¶10 and Statement of Facts; R. 19, Change of Plea Tr., pp. 32–37). Thus, any error in failing to enter a preliminary order of forfeiture in this matter is harmless. Fed. R. Crim. P. 52(a) (stating that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights" is harmless error and "must be disregarded").

While not articulated in his briefs, at oral argument and in a subsequent supplemental letter of authority filed pursuant to Fed. R. App. P. 28(j), Schwartz hints that, if given the opportunity below, he would argue that the district court could not order both forfeiture and restitution. To the extent that Schwartz makes this argument, we do not find it persuasive. While not addressing this question directly, this Court has discussed the different purposes of restitution and forfeiture, which are not mutually exclusive,

> . . . [f]orfeiture and restitution are distinct remedies. Restitution is remedial in nature, and its goal is to restore the victim's loss. Forfeiture, in contrast, is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity. Given their distinct nature and goals, restitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain.

*United States v. Boring*, 557 F.3d 707, 714 (6th Cir. 2009) (quoting *United States v. Webber*, 536 F.3d 584, 602–03 (7th Cir. 2008)); *see also United States v. Dierker*, 417 F. App'x 515, 523–25 (6th Cir. 2011) (deciding that both forfeiture and restitution were correctly determined). Other circuit courts that have addressed this issue have overwhelmingly determined that a district court may order restitution and forfeiture, and that both are often mandatory. *United States v. Kalish*, 626 F.3d 165, 169 (2d Cir. 2010) ("We see no infirmity in the . . . imposition of both a forfeiture remedy and a restitution remedy. These remedies are authorized by separate statutes, and their simultaneous imposition offends no constitutional provision."); *United States v. Alalade*, 204 F.3d 536, 539–41

10

(4th Cir. 2000);*United States v. Taylor*, 582 F.3d 558, 567 (5th Cir. 2009); *United States v. Leahy*, 464 F.3d 773, 793 n.8 (7th Cir. 2006) ("While we recognize to the untrained eye, this might appear to be a 'double dip,' restitution and forfeiture serve different goals, and we have approved of [ordering both restitution and forfeiture] in the past."); *United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011); *United States v. McGinty*, 610 F.3d 1242, 1247 (10th Cir. 2010); *United States v. Browne*, 505 F.3d 1229, 1280-81 (11th Cir. 2007).

To be clear, this Court does not condone the failure to seek or enter a preliminary order of forfeiture. However, in this limited instance, where the United States sought a money judgment forfeiture, Schwartz had agreed to the amount of fraud loss in the plea agreement, and the district court provided a hearing, at which the government factually supported its motion for forfeiture judgment and Schwartz had an opportunity to object, the absence of a preliminary order of forfeiture did not affect Schwartz's substantial rights, and the district court's error was harmless.

Accordingly, we **AFFIRM** the judgment of the district court with respect to forfeiture.

**IV.**

For the foregoing reasons, we **AFFIRM** the district court's judgment and order.