UNITED STATES of America, Plaintiff,

v.

Richard Allen EVICK, and Crystal Yvette Martin, Defendants.

Criminal Action No. 2:11–CR–18.

United States District Court,
N.D. West Virginia,
Elkins.

Aug. 7, 2012.

Robert H. McWilliams, Jr., U.S. Attorney's Office, Wheeling, WV, Peter C. Sprung, Timothy J. Kelly, U.S. Department of Justice–Public Integrity Section, Washington, DC, for Plaintiff.

### ORDER DENYING MOTION TO DISMISS CRIMINAL FORFEITURE ALLEGATION

JOHN PRESTON BAILEY, Chief Judge.

On this day, the above-styled criminal action came before this Court upon consideration of defendant Richard Evick's Motion to Dismiss Criminal Forfeiture Allegation [Doc. 118], filed July 16, 2012. In his motion, defendant Evick argues that this Court should dismiss the forfeiture allegation in this proceeding because the Government never presented evidence in support of the criminal forfeiture allegation against the defendant [Doc. 118 at 2]. The Government filed its response thereto [Doc. 121] on July 30,

2012. In its response, the Government argues that the failure to retain the jury after it returned its verdict to determine the forfeitability of property does not justify dismissal of the forfeiture allegation [*Id.* at 2].

## I. Procedural Background

The Indictment in this proceeding contains a forfeiture allegation against the defendants, listing the defendants as jointly and severally liable. In the forfeiture allegation, the Government lists Defendant Evick's real property located in Parsons, West Virginia, as specific property to be forfeited in connection with any convictions of Counts One through Ten of the Indictment [Doc. 1 at 37]. In addition, the Government states that it is seeking property involved in the criminal activity alleged in Counts Four through Ten of the Indictment, "including a money judgment for the total amount involved in the violations of [18 U.S.C. § 1956(a)(1)(B)(i) and (h) ]" [*Id.* at 36–37]. The Government further states that it seeks forfeiture of substitute property if, among other reasons, any of the property "has been commingled with other property that cannot be subdivided without difficulty" [*Id.* at 37].

No party requested that the jury be retained for a determination of the forfeitability of specific property. In addition, this Court did not make a specific determination as to whether either party wanted the jury to make such as determination. As such, after the jury returned its guilty verdict as to both defendants, the jury was released. Defendant Evick has moved to dismiss the criminal forfeiture allegation on the basis that the jury did not make any finding regarding the forfeiture of specific property, particularly defendant Evick's real property located in Parsons, West Virginia.

## II. Applicable Legal Standard

█ Rule 32.2 of the Federal Rules of Criminal Procedure provides for criminal forfeiture of property where the Indictment "contains notice to the defendant that the government will seek the forfeiture of [that] property as part of any sentence in accordance with the applicable statute." FED. R.CRIM.P. 32.2(a). The Fourth Circuit Court of Appeals ("Fourth Circuit") has reiterated that forfeiture is a part of the defendant's sentencing. *United States v. Martin,* 662 F.3d 301, 306 (4th Cir.2011) (citing *Libretti v. United States,* 516 U.S. 29, 38–39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)). The parties in a criminal proceeding with a forfeiture allegation have the right to request a jury determination of the forfeitability of specific property if it returns a guilty verdict. *See* FED. R.CRIM.P. 32.2(b)(5). If the indictment contains a forfeiture allegation, "the court must determine before the jury begins deliberation whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." FED.R.CRIM.P. 32.2(b)(5)(A).

If no party seeks such a jury determination, a court "must determine whether the government has established the requisite nexus between the [specific] property and the offense" by a preponderance of the evidence. FED.R.CRIM.P. 32.2(b)(1)(A); *Martin,* 662 F.3d at 307. "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." FED. R.CRIM.P. 32.2(b)(1)(A). When making these determinations, a court may rely upon evidence already in the record as well as any relevant and reliable evidence and information. FED.R.CRIM.P. 32.2(b)(1)(B). If the court finds that the property is subject to forfeiture, then the Court must enter a preliminary order, which becomes final as to the defendant after any related ancillary proceedings and the defendant's sentencing. FED.R.CRIM.P. 32.2(b)(2) and (4); FED. R.CRIM.P. 32.2(c).

## III. Discussion

Defendant Evick requests this Court to dismiss the criminal forfeiture allegation against him because "[n]either the Court nor the government raised the issue of whether the forfeitability of defendant's residence should be determined by the jury, and the jury was discharged thereafter without ever making such finding" [Doc. 118 at 2]. The Government argues that this Court's failure to determine whether either party requested a jury determination as to the forfeiture allegation violates neither a jurisdictional deadline nor the defendant's substantial rights

[Doc. 121 at 6]. Furthermore, the Government argues that dismissal of the forfeiture allegation on the failure to obtain a jury determination would be inappropriate to the extent that it pertains to a forfeiture money judgment, for which the defendant does not have the right to a jury determination [*Id.* at n. 4]. For the reasons that follow, this Court **DENIES** Defendant Evick's Motion to Dismiss Criminal Forfeiture Allegation [Doc. 118].

Defendant Evick's argument for dismissal of the forfeiture allegation rests upon this Court's failure to determine whether either party requested a jury determination of forfeitability of specific property prior to jury deliberations as mandated by Rule 32.2(b)(5)(A). In 2011, the Fourth Circuit addressed a court's failure to meet a deadline under Rule 32.2. *See Martin,* 662 F.3d 301. In that case, the Fourth Circuit adopted an analytical framework presented by the Supreme Court of the United States, which requires the court to first determine whether the deadline at issue is a(1) "jurisdictional" deadline, (2) "claims-processing rule" deadline, or (3) "time-related directive" deadline. *Martin,* 662 F.3d at 307–08 (adopting the analytical framework presented in *Dolan v. United States,* — U.S. ——, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010)).

■ In *Martin,* the Fourth Circuit looked at a number of factors to determine that the deadline to enter a preliminary forfeiture order imposed by Rule 32.2(b)(3), in its 2004 form, was a "time-related directive" deadline. *Id.* at 308–09. Many of these factors are also relevant to this case and support a similar finding in this case. For example, although Rule 32.2(b)(5)(A) includes the word "must," it did not specify a consequence for noncompliance. *Id.* In addition, the main purpose of criminal forfeiture is to deter future crimes by depriving a criminal defendant of the fruits of illegal conduct, not to protect defendants. *Id.* at 309. Furthermore, preventing forfeiture on the court's failure to meet a deadline imposed by Rule 32.2 could hurt the individuals that such forfeiture was intended to benefit, including the victims. *Id.* Finally,

the defendant could have mitigated any harm caused by the missed deadline by expressly requesting the Court to retain the jury for a specific forfeiture determination. *Id.*

The *Martin* court also relied upon the fact that the deadline at issue in that case did not pertain to providing the defendant with certainty as to the amount of liability. *Martin,* 662 F.3d at 309. Although defendant Evick might argue that Rule 32.2(b)(5)(A) pertains to certainty as to his amount of liability with regard to the forfeiture of certain property, this Rule merely applies to a jury determination of the forfeitability of specific property and does not necessarily address everything in a forfeiture allegation, such as a money judgment. Accordingly, similar to *Martin,* the factors in this case support a finding that the deadline contained in Rule 32.2(b)(5)(A) is a "time-related directive" deadline. The failure to meet a "time-related directive" deadline does not deprive this Court of its jurisdiction to address the forfeiture allegation. *See Martin,* 662 F.3d at 309–10.

Furthermore, other language contained in Rule 32.2 also supports a finding that the deadline is a "time-related directive" deadline, which is not intended to deprive this Court of its jurisdiction to take action related to the criminal forfeiture of specific property. In particular, Rule 32.2 authorizes a court to make a forfeiture determination with regard to specific property. *See* FED.R.CRIM.P. 32.2(b)(1)(A) (stating that "the court must determine whether the government has established the requisite nexus between the property and the offense").

■ Moreover, forfeiture is mandatory upon conviction of a defendant; the Fourth Circuit has specifically ruled that a district court does not have the discretion to ignore a statutory forfeiture provision. *United States v. Jalaram, Inc.,* 599 F.3d 347, 351 n. 3 (4th Cir.2010). The district court must impose such forfeiture, unless it violates an individual's constitutional rights, including the Eighth Amendment prohibition of excessive fines. *Id.*[1]

---

1. In determining whether a forfeiture is punitive and, therefore, subject to the protections of the

Eighth Amendment, a court must examine "whether the challenged forfeiture was 'imposed

As such, in addition to being specifically authorized to address the forfeitability of specific property, this Court is required to impose statutory forfeiture provisions upon the conviction of a defendant. Accordingly, this Court finds that neither this Court's failure to determine whether a party requested a specific property forfeiture determination by a jury nor the fact that a jury did not make a determination as to the forfeitability of specific property necessitates a dismissal of the criminal forfeiture allegation.

### IV. Conclusion

For the foregoing reasons, this Court hereby **DENIES** defendant Richard Evick's Motion to Dismiss Criminal Forfeiture Allegation [**Doc. 118**]. To the extent that the denial of defendant Evick's motion to dismiss leaves open the question of forfeitability to be determined by this Court, this Court notes that it will address that issue under a separate order.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

at the culmination of a criminal proceeding,' 'requires conviction of an underlying felony,' and 'cannot be imposed upon an innocent [person] ... but only upon a person who has himself been convicted' of a crime." *Jalaram, Inc.*, 599 F.3d at 354 (quoting *United States v. Bajakajian*, 524 U.S. 321, 328, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)) (alterations in original). If the challenged forfeiture is punitive, then the court must determine whether is it grossly disproportional to the gravity of the defendant's offense. *Id.* at 351.