**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4055**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ASTON EARL MCCREA,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:11-cr-00089-SGW-RSB-1)

Submitted: September 30, 2014      Decided: October 10, 2014

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Krysia Carmel Nelson, LAW OFFICES OF KRYSIA CARMEL NELSON, PLC, Keswick, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Daniel P. Bubar, Kartic Padmanabhan, Assistant United States Attorneys, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aston Earl McCrea appeals from an amended order of forfeiture. In its amended order, the district court noted that, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) (2012), the Government sought to include McCrea's residence as substitute property. The court found that, because of the acts or omissions of the defendant, the proceeds of the offenses were no longer available for forfeiture for one or more reasons set forth in 21 U.S.C. § 853(p). McCrea appeals asking whether the Government can satisfy a money judgment by seizing a residence through resort to the substitute asset provisions of 21 U.S.C. § 853(p). For the reasons that follow, we affirm.

In an appeal from a criminal forfeiture proceeding, we review a district court's findings of fact for clear error and its legal interpretations de novo. United States v. Martin, 662 F.3d 301, 306 (4th Cir. 2011). Forfeiture of substitute assets is appropriate where the defendant does not have the money to pay the forfeiture money judgment. See United States v. Oregon, 671 F.3d 484, 489 (4th Cir. 2012) (noting that the defendant "did not possess sufficient funds to cover the money judgment and, accordingly, the district court, in its preliminary order of forfeiture, ordered forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p)"). Further, the criminal forfeiture statute allows for forfeiture of "'any other property of the

2

defendant'" as substitute property when conspiracy proceeds cannot be located. United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003) (quoting § 853(p)). Section 853(p) is not discretionary; rather, the statute mandates forfeiture of substitute assets when the tainted property has been placed beyond the reach of a forfeiture. Id. at 271. It was uncontested that McCrea did not have the proceeds generated from his drug conspiracy and money laundering violations available to satisfy the $76,062.63 money judgment remaining from the forfeiture order. Thus, the district court granted the Government's motion to substitute McCrea's residence under Rule 32.2(e) and § 853(p).

We have reviewed the parties' arguments in conjunction with the relevant record and authorities, and we find no reversible error. Accordingly, we affirm the amended forfeiture order. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED