**PUBLISH**

FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD M. ARNOLD, SR.,

    Defendant - Appellant.

No. 17-6038

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:14-CR-00347-D-1)**
_____

Susan M. Otto, Office of the Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Scott E. Williams, Assistant U.S. Attorney (Mark A. Yancey, U.S. Attorney for the Western District of Oklahoma, with him on the brief), Office of the United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

**MATHESON**, Circuit Judge.

_____

    Richard Arnold, Sr., appeals the district court's forfeiture order following his

wire fraud and conspiracy convictions and sentencing for a scheme involving

vehicle-financing rebates.[1] He argues the district court erred by (1) imposing an order of forfeiture after sentencing, and (2) failing to require the Government to use forfeited proceeds to offset the restitution Mr. Arnold owes his victims, which would lower the total amount of restitution and forfeiture he is required to pay. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's forfeiture order.

## I. **BACKGROUND**

According to the indictment, Mr. Arnold—along with his wife, Robyn, and his sons Ricky and Robert (collectively, "the Arnolds")—devised a scheme to defraud individuals out of the rebates paid to them when they purchased new vehicles. The Arnolds persuaded the victims to turn their rebates over to a charitable trust by falsely representing they would manage the trust to pay off the victims' car loans. Although the Arnolds made some loan payments from the trust, they eventually stopped and used the remaining rebate funds for their own personal expenses. The victims then either took over the loan payments or relinquished the vehicles to the lenders. The indictment notified Mr. Arnold of the Government's intent to seek forfeiture of "a money judgment in an amount equal to the proceeds obtained as a result of the offenses." ROA, Vol. 1 at 43.

Mr. Arnold pled guilty to one count each of wire fraud and conspiracy to commit wire fraud. *See* 18 U.S.C. §§ 1343, 1349. He acknowledged in his plea that

---

[1] In a previous appeal, this court rejected Mr. Arnold's challenge to the district court's restitution award in this same case. *See United States v. Arnold*, 701 F. App'x 702 (10th Cir. 2017) (unpublished). Mr. Arnold does not challenge the restitution award in this appeal.

2

the Government would pursue forfeiture. Following Mr. Arnold's conviction but before sentencing, the district court granted the Government's motion for a preliminary order of forfeiture. It ordered Mr. Arnold to pay "a money judgment in an amount to be determined" later by the court. ROA, Vol. 1 at 87. The court said "this Preliminary Order of Forfeiture will be amended under Fed. R. Crim. P. 32.2(e)(1) when the amount of the money judgment has been determined by this Court." *Id.*

On March 24, 2016, at the first sentencing hearing, the Government reiterated its intent to seek forfeiture once the precise amount owed could be calculated. The district court sentenced Mr. Arnold to 54 months in prison and postponed a final determination on restitution and forfeiture.[2]

On May 16, 2016, the district court conducted a second sentencing hearing, focused on restitution, and entered a final restitution order of $280,075.15, payable to the victims who were entitled to compensation under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(1). The court again left the amount of forfeiture unresolved. The Government stated that it would "discuss with counsel a number or potential resolution and submit to the Court a motion for an amended order." ROA, Vol. 5 at 13.

---

[2] As discussed in greater detail below, criminal restitution and forfeiture are "separate remedies with different purposes." *United States v. McGinty*, 610 F.3d 1242, 1247 (10th Cir. 2010). Restitution is remedial in nature, and its goal is to restore the victim's loss. *Id.* Forfeiture, by contrast, is punitive and seeks to disgorge any profits that the defendant obtained from the offense. *Id.*

On June 9, 2016, the Government moved under Fed. R. Crim. P. 32.2(e)(1) to amend the preliminary order of forfeiture, which lacked any specified amount, and to impose a $160,136.50 forfeiture order. Mr. Arnold objected, arguing the court lacked jurisdiction to amend the preliminary order after sentencing. The court overruled his objection and adopted the Government's proposed forfeiture order. *United States v. Arnold*, No. CR-14-347-D, 2017 WL 187546, at *3-4 (W.D. Okla. Jan. 17, 2017) ("Rule 32.2 envisions scenarios such as the present and expressly allows orders of forfeiture to be subject to amendment [after sentencing] when the money judgment has been calculated."). This appeal followed.

## II. **DISCUSSION**

On appeal, Mr. Arnold challenges the district court's forfeiture order, arguing (1) the Government's failure to establish the amount of forfeiture before sentencing violated Rule 32.2 and thereby deprived the district court of jurisdiction to enter the forfeiture order; and (2) the order failed to require the Government to use Mr. Arnold's forfeited proceeds to reduce the amount of restitution he owes his victims, and it must therefore be vacated.

In evaluating these arguments, "we review the district court's forfeiture order as we would any other sentencing determination—that is, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012); *see also United States v. McGinty*, 610 F.3d 1242, 1245 (10th Cir. 2010) (concluding that we apply de novo review to the district court's legal interpretation of federal forfeiture statutes).

4

## A. *Rule 32.2*

We first consider Mr. Arnold's argument that the Government failed to comply with Rule 32.2 and thus the district court lacked jurisdiction to amend the preliminary forfeiture order after sentencing. We find no Rule 32.2 violation and therefore affirm the district court's forfeiture order.[3]

### 1. **Legal Background**

Criminal forfeiture is a punitive measure that forces offenders of certain crimes to disgorge any profits obtained from their criminal activity. *McGinty*, 610 F.3d at 1247. Unlike restitution, which compensates victims for their losses, forfeiture compels the offender to surrender money or substitute assets to the government. *Id.* (explaining that, given their different purposes, the amount of forfeiture and restitution may differ). The parties agree that Mr. Arnold's conviction for wire fraud subjects him to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *See* Aplt. Br. at 13-14; Aplee Br. at 21.

Rule 32.2 of the Federal Rules of Criminal Procedure governs the criminal forfeiture procedure. First, it requires the government to notify a defendant of its intent to seek forfeiture:

> **(a) Notice to the Defendant.** A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment . . . contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. . . . The indictment . . . need not . . . specify the

---

[3] Because we find no violation of a timing requirement under Rule 32.2, we do not address whether such a violation would deprive the district court of jurisdiction to impose a forfeiture order.

amount of any forfeiture money judgment that the government seeks.

Fed. R. Crim. P. 32.2(a). The primary purpose of Rule 32.2 is to ensure that "a defendant is on notice as to all aspects of his sentence, including forfeiture." *See United States v. Martin*, 662 F.3d 301, 309 (4th Cir. 2011).

Second, the court determines the amount the defendant will be ordered to pay, and, if practical, enters a preliminary order of forfeiture that becomes final at sentencing:

**(b) Entering a Preliminary Order of Forfeiture**

**(1) Forfeiture Phase of the Trial.**

**(A) Forfeiture Determinations.** As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendre is accepted . . . the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

. . . .

**(2) Preliminary Order.**

**(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment . . . .

**(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . . .

6

**(4) Sentence and Judgment.**

      **(A)   When Final.**   At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant.

Fed. R. Crim. P. 32.2(b).

In 2009, Rule 32.2 was amended to include Section 32.2(b)(2)(C), which anticipates the possibility that a court may not be able to calculate the forfeiture amount owed before sentencing. This provision explicitly authorizes a court to enter a general order of forfeiture at sentencing and amend it later once the court determines the specific amount owed:

      **(C) General Order.**  If, before sentencing, the court cannot . . . calculate the total amount of the money judgment, the court may enter a forfeiture order that:

               . . . .

      **(iii)** states that the order will be amended under Rule 32.2(e)(1) when . . . the amount of the money judgment has been calculated.

*Id.* at 32.2(b)(2)(C).

Rule 32.2(e)(1), as referenced in Rule 32.2(b)(2)(C), provides for the later amendment of a preliminary, general forfeiture order:

**(1) In General.** On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:

**(A)** is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or

**(B)** is substitute property that qualifies for forfeiture under an applicable statute.

7

*Id.* at 32.2(e)(1).

The purpose of the 2009 amendments was to clarify "how the court is to reconcile the requirement that it make the forfeiture order part of the sentence with the fact that in some cases the government will not have completed its post-conviction investigation" to determine the precise forfeiture amount. Fed. R. Crim. P. 32.2 advisory committee's note to 2009 amendment.

2. **Analysis**

Mr. Arnold fails to demonstrate a Rule 32.2 violation. As described above, Rule 32.2 anticipates the possibility that the court may not be able to determine the amount of the money judgment before sentencing. *See* Fed. R. Crim. P. 32.2(b)(2)(C). It therefore permits a court to amend a preliminary, general forfeiture order once the amount of the money judgment has been calculated. *See id.*

Ongoing disputes between the parties in this case prevented the district court from calculating the total amount of Mr. Arnold's forfeiture order before sentencing. Although these disputes were specifically about restitution, they concerned the amount of proceeds the Arnolds retained and thus were also relevant to the forfeiture calculation. *See McGinty*, 610 F.3d at 1246 (explaining that forfeiture requires a defendant to disgorge "any and all proceeds of the offense"). For example, Mr. Arnold contested the Government's initial restitution calculation, arguing it failed to credit interest payments he had made on the victims' car loans. *See* ROA, Vol. 1 at 111. Resolution of this dispute would affect the amount of proceeds Mr. Arnold

8

retained, which in turn would determine how much he must forfeit. After the court settled these disputes and entered restitution, the Government moved to amend the preliminary forfeiture order, which the court granted in compliance with Rule 32.2(b)(2)(C).

Mr. Arnold complains he lacked adequate notice of the forfeiture order the district court ultimately imposed, noting that neither the indictment nor any other pre-sentencing document submitted by the Government "provided notice of an approximate amount, a method of computation, or substitute assets associated with its request for forfeiture." *See* Aplt. Br. at 16. But nothing in Rule 32.2 requires this specificity. Nor can he claim he was caught off-guard. The Government announced its intent to seek forfeiture in the indictment—as Mr. Arnold acknowledged in his guilty plea—and reiterated its intent throughout the sentencing process. When the Government announced at the March 24, 2016 sentencing hearing that it would be "moving for final forfeiture with a precise amount for a money judgment at a later time after we've resolved the restitution issues," defense counsel raised no objections. ROA, Vol. 4 at 35.

Mr. Arnold also argues the Government lacked a "logical explanation" for its inability to calculate the amount of forfeiture before sentencing. *See* Aplt. Br. at 17. We disagree in light of the ongoing factual disputes about the amount of illegal proceeds the Arnolds retained.

B. *Reducing Restitution Amount by Forfeiture Owed*

9

We next consider Mr. Arnold's argument that the district court erred by failing to direct the Government to apply any forfeiture funds toward restitution for the victims of his vehicle-financing scheme. Instead, the Government indicated it might use forfeited funds to repay victims from a previous case in which Mr. Arnold was convicted of fraud. Mr. Arnold asks that we remand this case to the district court with instructions "requiring payment of any forfeited assets to the victims, with a concomitant offset to order of restitution." Aplt. Br. at 25. We decline to do so and affirm the district court's order.

### 1. **Legal Background**

Both forfeiture and restitution were mandatory in this case. The pertinent criminal forfeiture statute provides that "the court *shall* order the forfeiture of the property as part of the sentence in the criminal case." 28 U.S.C. § 2461(c) (emphasis added). The property subject to forfeiture includes "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to [the] violation." 18 U.S.C. § 981(a)(1)(C). Interpreting another forfeiture statute with materially similar language, the Supreme Court said, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited." *United States v. Monsanto*, 491 U.S. 600, 607 (1989) (interpreting 21 U.S.C. § 853(a)); *see also Forest Guardians v. Babbitt*, 174 F.3d 1178, 1187 (10th Cir. 1999) ("The Supreme Court and this circuit have made clear that when a statute uses the word 'shall,' Congress has imposed a mandatory duty upon the subject of the command.").

10

The restitution statute in this case also was mandatory. The MVRA states that when a defendant commits an offense by fraud (e.g., wire fraud), "the court *shall* order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1) (emphasis added); *see United States v. Quarrell*, 310 F.3d 664, 677-78 (10th Cir. 2002) (explaining that district courts are required to impose restitution for offenses that fall within the MVRA).

2. **Analysis**

Our holding in *McGinty* defeats Mr. Arnold's argument that the district court should have required the Government to apply his forfeiture payments toward the amount of restitution he owes his victims, thereby reducing the total amount—restitution plus forfeiture—owed. In *McGinty*, the defendant was also subject to mandatory forfeiture and restitution based on a conviction for misapplication of bank funds in violation of 18 U.S.C. § 656. *McGinty*, 610 F.3d at 1243, 1248; *see* 18 U.S.C. §§ 982(a)(2), 3663A(a)(1). We held the district court had erred in concluding that mandatory forfeiture and restitution awards could be used to offset each other. *See* 610 F.3d at 1247 (rejecting the notion that ordering both restitution and forfeiture would be "unfair as a double recovery"). The government was entitled to forfeiture in the amount of the defendant's proceeds, and the victim—a bank—was entitled to

11

the restitution of its loss. *Id.* at 1247-48. Mr. Arnold fails to distinguish *McGinty* and cites no persuasive authority to the contrary.[4]

Several courts have reached the same conclusion, holding that the statutes mandating restitution and forfeiture do not allow a defendant's payments toward one to offset the amount owed to the other. *See, e.g.*, *United States v. Alalade*, 204 F.3d 536, 540 (4th Cir. 2000) (holding that "the plain language of the MVRA did not grant the district court discretion to reduce the amount of restitution" by the amount ordered to be forfeited). In an opinion we cited favorably in *McGinty*, 610 F.3d at 1248, the Fifth Circuit held that a district court that imposed both forfeiture and restitution had "properly adhered to the mandatory language found within the statutory schemes." *United States v. Taylor*, 582 F.3d 558, 566 (5th Cir. 2009); *see also United States v. Emerson*, 128 F.3d 557, 566-67 (7th Cir. 1997) (rejecting defendant's request to credit his forfeiture payment towards the restitution amount he owed). The district court properly rejected Mr. Arnold's request to mandate that his forfeiture payments be used to offset restitution.

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's forfeiture order.

---

[4] Mr. Arnold notes the victim in *McGinty* was a bank while the victims in the present case are individuals and lenders. *See* Aplt. Reply Br. at 15-16. He fails to explain the significance of this distinction.