**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4303**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ALICIA C. GAMBRELL,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00110-RJC-DSC-1)

Submitted: February 26, 2020                Decided: July 2, 2020

Before HARRIS and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant. William T. Stetzer, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alicia C. Gambrell, a temporary IRS employee, was indicted on eight counts of theft of government property, in violation of 18 U.S.C. § 641 (2018), having been discovered intercepting checks and money orders sent to the IRS by taxpayers and depositing them into her own bank account. Gambrell pled guilty, pursuant to a written plea agreement, to one count of theft of government property, in exchange for dismissal of the other seven. In the plea agreement, the Government agreed to recommend a sentence at the low end of the applicable Guidelines range. Gambrell, in turn, agreed to full restitution to all victims directly or indirectly harmed by her conduct and to forfeit all assets listed in the charging document. She also waived her rights to appeal her conviction and sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct.

At sentencing, Gambrell and the Government both recommended a sentence of 10 months' imprisonment, which represented the low end of the applicable Guidelines range. Responding to concerns expressed by the district court as to how Gambrell was hired by the IRS for this position given her prior criminal history, the Government agreed that this was "troubling" and explained that, in fact, the IRS's partial responsibility was one reason the Government was seeking a low-end sentence. The district court did not take the parties' recommendations, however, instead sentencing Gambrell to 16 months' imprisonment with 2 years of supervised release. The court also ordered $29,302.16 in restitution and forfeiture of $35,496.16.

On appeal, Gambrell first argues that the Government breached the plea agreement by not arguing vociferously for a 10-month sentence and in breaking the spirit of its

2

agreement by making negative statements about her conduct and criminal history. "[A] defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement." *United States v. Tate*, 845 F.3d 571, 574 (4th Cir. 2017) (internal citations omitted). Gambrell bears the burden of establishing that breach by a preponderance of the evidence. *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). In evaluating a claim alleging breach of a plea agreement, this court reviews the district court's factual findings for clear error, and issues of law de novo. *Id.* at 189.

"The [G]overnment breaches a plea agreement when a promise it made to induce the plea goes unfulfilled." *Tate*, 845 F.3d at 575. We "employ traditional principles of contract law as a guide in enforcing plea agreements," but "we nonetheless give plea agreements greater scrutiny than we would apply to a commercial contract because a defendant's fundamental and constitutional rights are implicated when [s]he is induced to plead guilty by reason of a plea agreement." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). "However, a central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." *Tate*, 845 F.3d at 575 (alteration and internal quotation marks omitted). Moreover, when the Government agrees to make a recommendation to the sentencing court, it is not required to make such a recommendation with any particular level of enthusiasm. *United States v. Benchimol*, 471 U.S. 453, 455-56 (1985).

Here, the Government agreed to recommend a sentence at the low end of the applicable Guidelines range, and it carried through on that promise. Although the

3

Government recognized Gambrell's history and characteristics were "disturbing," it explained that such factors were already reflected in the guidelines, noted that Gambrell had accepted responsibility, and reiterated its request for a 10-month sentence. None of the Government's comments to the district court contradicted the promises it made in its plea agreement. We therefore hold that the Government complied with its plea obligations and affirm the district court's decision to overrule Gambrell's objection on this basis.

Second, Gambrell argues that the district court erred in ordering restitution and forfeiture without a sufficient factual basis. The Government responds that Gambrell's challenge to restitution and forfeiture falls within the scope of her valid appeal waiver. We "review the validity of an appeal waiver de novo." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). When the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, this Court enforces the waiver if the record establishes (1) that the defendant knowingly and intelligently waived her right to appeal and (2) that the issues raised on appeal fall within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

Gambrell does not contend that her appeal waiver was anything other than knowing and intelligent, and our review of the Fed. R. Crim. P. 11 hearing confirms the waiver's validity. Her challenges to restitution and forfeiture fall within the scope of her appeal waiver, which precludes review of all sentencing issues except prosecutorial misconduct and ineffective assistance of counsel. *See United States v. Dillard*, 891 F.3d 151, 157 (4th Cir. 2018) (stating that, generally, a "defendant who has agreed to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, has waived [her] right to

4

appeal a restitution order [unless] . . . the district court exceeds the authority of the statutory source in selecting the amount of restitution ordered" (footnote, citation, and internal quotation marks omitted)); *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011) ("Criminal forfeiture is part of a defendant's sentence."); *see also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (providing that forfeiture is part of a defendant's sentence). There is neither contention nor evidence that the district court exceeded its statutory authority in ordering restitution or forfeiture. Accordingly, Gambrell waived her right to challenge the amount of restitution and forfeiture, and we dismiss this portion of her appeal.

We affirm the criminal judgment in part and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*
