**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4305**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS MONTEZ GRAHAM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Bruce H. Hendricks, District Judge. (8:18-cr-00672-BHH-1)

Submitted: June 8, 2020                              Decided: July 14, 2020

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Lora Collins Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. A. Lance Crick, Acting United States Attorney, Sloan P. Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Montez Graham pleaded guilty, without the benefit of a plea agreement, to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2018). The district court sentenced Graham to a total of 84 months of imprisonment and ordered him to forfeit the firearm and ammunition in his possession at the time of his arrest. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Graham's counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Graham's sentence is reasonable. Graham filed a pro se supplemental brief.[*] We directed supplemental briefing on whether, in light of *United States v. Blue*, 877 F.3d 513 (4th Cir. 2017), the district court failed to explain adequately its reasons for rejecting Graham's arguments for a lower sentence and whether the district court complied with Rule 32.2 of the Federal Rules of Criminal Procedure. We now affirm and remand for further proceedings.

I.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v.*

---

[*] In his supplemental brief, Graham raises a claim of ineffective assistance of counsel, alleging that counsel failed to inform him of the § 924(c) elements that the Government needed to prove. "[U]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal" and "should be raised, if at all, in a 28 U.S.C. § 2255 [(2018)] motion." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Our review of the record leads us to conclude that Graham fails to meet this high standard.

*United States*, 552 U.S. 38, 41 (2007)). This review encompasses the sentence's procedural and substantive reasonableness. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, selected a sentence based on accurate facts, and sufficiently explained the chosen sentence. *Id.* at 49-51.

"A sentencing court's explanation is sufficient if it, although somewhat brief[ly], outline[s] the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *Blue*, 877 F.3d at 519 (internal quotation marks omitted). In *Blue*, this court held that if a defendant raises a nonfrivolous argument for imposing a different sentence, the district court must address the argument and explain why it is being rejected. *Id.* at 518-19. "[W]here the district court could have made precisely the same statements in support of a different sentence, we have found the explanation to be inadequate and have remanded for resentencing." *Id.* at 519 (internal quotation marks omitted). "The context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *Id.* at 521 (internal quotation marks omitted). "Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements by the Government or defense

3

counsel or for any other clues that might explain a sentence." *Id.* (internal quotation marks omitted).

Graham challenges the district court's explanation of his sentence, contending that the district court failed to address his nonfrivolous arguments for a variant sentence. The Government argues that any procedural error is harmless. Although the district court "need not robotically tick through the § 3553(a) factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), the court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority," *Blue*, 877 F.3d at 518 (internal quotation marks omitted).

"[F]or every sentence—whether above, below, or within the Guidelines range—a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). The "individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). While the district court did not plainly address each nonfrivolous argument that Graham raised, we conclude that any procedural error in the court's failure to do so is harmless. *See United States v. Nelson*, No. 18-4922, 2020 WL 2536571, at *2 (4th Cir. May 19, 2020).

Counsel next questions whether Graham's sentence is substantively reasonable. "Any sentence that is within or below a properly calculated Guidelines range is

4

presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that Graham's argument does not overcome the presumption of reasonableness accorded the sentence imposed by the district court. Accordingly, Graham's 84-month sentence of imprisonment is reasonable.

## II.

Turning to forfeiture, Graham did not object below to the district court's failure to include the forfeiture in announcing the sentence or in the criminal judgment, as required by Fed. R. Crim. P. 32(b)(4)(B); thus, we review the issue for plain error. *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (providing standard). Here, we conclude that the district court committed error, and that the error is plain, but that the court's failure to comply with Rule 32 did not affect Graham's substantial rights because the record establishes that Graham had notice of the forfeiture before sentencing. *See United States v. Martin*, 662 F.3d 301, 309-10 (4th Cir. 2011) ("[W]e refuse to vacate the district court's tardy forfeiture order[]" where "[defendants] were indisputably on notice at the time of sentencing that the district court would enter forfeiture orders."). Although the district court's omissions do not warrant vacatur of the forfeiture order, we conclude that remand is appropriate so that the district court may issue an amended criminal judgment that includes the forfeiture order, *see* Fed. R. Crim. P. 32.2(b)(4)(B), 36, and corrects page one of the criminal judgment to clarify that the district court dismissed at sentencing only the money judgment portion of the forfeiture allegation, *see* Fed. R. Crim. P. 36; *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003) ("It is normally the rule that where a

5

conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control.").

III.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and remand for the district court to issue a corrected criminal judgment with regard to forfeiture. This court requires that counsel inform Graham, in writing, of the right to petition the Supreme Court of the United States for further review. If Graham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Graham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*
